**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| STEPHEN DUDEK and DOREEN CROSS, ) | | |
| ) | | |
| Plaintiffs, ) | No. 2:19-cv-3237-DCN | |
| ) | | |
| vs. ) | **ORDER** | |
| ) | | |
| COMMONWEALTH LAND TITLE ) | | |
| INSURANCE COMPANY, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

This matter is before the court on plaintiffs Stephen Dudek and Doreen Cross's ("plaintiffs") motion to reconsider, ECF No. 28.  For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This insurance dispute arises from a long-standing and enduring legal battle over a six-acre tract of land in Dorchester County (the "Property").  Plaintiffs sought to prove that their title insurer, defendant Commonwealth Land Title Insurance Company ("Commonwealth"), owed them a duty to defend with respect to that legal battle under the terms of their title insurance policy (the "Policy").  On June 12, 2020, the court filed an order, granting summary judgment in favor of Commonwealth after determining that Commonwealth did not have a duty to defend plaintiffs as a matter of law (the "June 12 Order")  ECF No. 26.  In the June 12 Order, the court provided a thorough synopsis the underlying litigation, the terms of the Policy, as well as plaintiffs' resulting demand for defense.  In lieu of a recitation thereof, the court provides a brief summary of only those facts relevant to the instant motion.

1

In 2012, plaintiffs entered into a contract to purchase the Property (the "Purchase Contract"). Attached to and incorporated by reference into the Purchase Contract is an addendum that includes the following handwritten provision: "Buyer shall grant water & sewer easement to adjacent 2 acres." (the "Water and Sewer Easement Provision"). ECF No. 18-2 at 9. The addendum is signed and dated by both plaintiffs, just below the Water and Sewer Easement Provision. The two-acre tract adjacent to the Property is owned by a woman named Molly Morphew ("Morphew"), who has been engaged in litigation with plaintiffs related to the Property since 2013. On September 19, 2018, Morphew filed a lawsuit against plaintiffs in state court (the "2018 Action") seeking to enforce the Water and Sewer Easement Provision in the Purchase Contract. On April 25, 2019, plaintiffs demanded that Commonwealth provide them with a defense. On April 30, 2019, Commonwealth denied plaintiffs' claims, relying on exclusions contained in the Policy.

In the June 12 Order, the court found that Morphew's claims in the 2018 Action fell within Policy Exclusion 4,[1] which states:

> You are not insured against loss, costs, attorneys' fees, and expenses resulting from:
>
> 4. Risks:
>
> a. that are created, allowed, or agreed to by You, whether or not they are in the Public Records;
>
> b. that are Known to You at the Policy Date, but not to [Commonwealth], unless they are recorded in the Public Records at the Policy Date . . . .

---

[1] In the June 12 Order, the court also found that Commonwealth did not have duty to defend plaintiffs in a 2017 lawsuit filed by Morphew. The court need not recite the facts relevant to that finding, as plaintiffs "challenge the [June 12] Order with respect to only Commonwealth's duty to defend the 2018 [Action]." ECF No. 28 at 1 n.1.

ECF No. 14-1 at 4 (emphasis added).  The court explained that Morphew's claims in the 2018 Action fall squarely within that exclusion because plaintiffs themselves created the risk of the lawsuit:

> Morphew's complaint in the 2018 Action makes clear that her claim to the water and sewer easement derives solely from the Water and Sewer Easement Provision in the Purchase Contract.  The very first allegation under Morphew's first cause of action for "Trespass Upon Easement" states that plaintiffs "specifically agreed to grant water and sewer easement to the adjacent 2-acre property . . . at purchase of [the Property]."  ECF No. 18-8 at 13.  That allegation includes a citation to the addendum to the Purchase Contract, which Morphew attached to her complaint.  As another example, Morphew's breach of contract claim, which alleges that plaintiffs breached the Purchase Contract by not adhering to the Water and Sewer Easement Provision, alleges that plaintiffs "have failed or intentionally failed to provide [a] water easement to the adjacent 2-acre property [] as specifically conditioned within their sales contract . . . ."  Id. at 18.

ECF No. 26 at 19.  The court concluded, "By consenting to the addendum, which included the Water and Sewer Easement Provision, plaintiffs created the risk that an owner of the adjacent two-acre tract would seek to enforce his or her right to a water and sewer easement on the Property."  Id.  Thus, the court found no duty to defend and granted summary judgment in favor of Commonwealth.

On July 8, 2020, plaintiffs filed a motion for reconsideration.  ECF No. 28.  On July 22, 2020, Commonwealth filed a response.  ECF No. 29.  Plaintiffs did not file a reply, and the time to do so has now expired.  The motion is ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment.  The rule provides an "extraordinary remedy which should be used sparingly."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).  The Fourth Circuit recognizes "only three limited

grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007).

### III.  DISCUSSION

Plaintiffs' motion asserts three arguments for reconsideration and seeks one clarification.  The court addresses each in turn.  First, plaintiffs take issue with the court's finding that Morphew's claims in the 2018 Action "derive[ ] solely from the Water and Sewer Easement Provision in the Purchase Contract."  ECF No. 26 at 19.  Plaintiffs explain that "the complaint in the 2018 [ ] Action unquestionably alleges that historical existence of a single water line serving two parcels amount to an 'equitable,' 'implied' or 'prior use' easement, all cause of action [sic] which would not derive from a written document."  ECF No. 28 at 3.  In other words, plaintiffs aver that they did not create the risk that Morphew would file the 2018 Action because some of her legal theories are rooted in the prior existence of the sewer line and not the Water and Sewer Easement Provision.

This semantical distinction does not warrant a different result.  As the court has already held, Morphew's complaint makes clear that her claims arise from the Water and

Sewer Easement Provision.  Her claims rely almost entirely on the fact that "[t]he Dudeks specifically agreed to grant [a] water and sewer easement to the adjacent 2-acre property [ ] at purchase of the [Property]."  ECF No. 18-8 at 13.  As such, she alleges that the easement is "in a CONTRACT AGREEMENT" and thus "an expressed easement."  Id. (emphasis in original).  To be sure, Morphew's complaint alleges in the alternative that the easement is implied by prior use and by long-standing existence.  But the existence of an alternative legal theory does not change the clear purpose of the 2018 Action—to enforce the Water and Sewer Easement Provision—and the clear thrust of the complaint—that Morphew has a contractual right to the water and sewer easement based upon the Water and Sewer Easement Provision.  As such, plaintiff gives the court no reason to alter its conclusion that "based on the Water and Sewer Provision of the Purchase Contract, plaintiffs created, agreed to, or, at the very least, knew of the risk that an owner of the adjacent two-acre tract might seek to enforce a water and sewer easement on the Property."  ECF No. 26 at 20.  The court's finding that the 2018 Action falls with Policy Exclusion 4 therefore stands.

Next, plaintiffs argue that the 2018 Action does not fall within Policy Exclusion 4 because Commonwealth knew about the risk created by the Water and Sewer Easement Provision and the exclusion requires that Commonwealth not have knowledge of the risk. Plaintiffs' argument concerns section "b" of Policy Exclusion 4; it fails because the court found that both sections "a" and "b" of the Policy apply.  Policy Exclusion 4 excludes risks: "(a) that are created, allowed, or agreed to by You . . . or (b) that are Known to You at the Policy Date, but not to [Commonwealth], unless they are recorded in the Public Records at the Policy Date . . . ."  ECF No. 14-1 at 4.  The court found that the 2018

Action falls under section "a" of the exclusion, see ECF No. 26 at 19 ("[P]laintiffs created the risk that an owner of the adjacent two-acre tract would seek to enforce his or her right to a water and sewer easement on the Property"), meaning that an analysis into section "b" would be superfluous.  See Engineered Prod., Inc. v. Aetna Cas. & Sur. Co., 368 S.E.2d 674, 675 (S.C. Ct. App. 1988) ("Exclusions in an insurance policy are to be read independently of each other; they are not to be read cumulatively.").

Further, plaintiffs revive the same befuddling distinction they touted in their opposition to summary judgment.  In the June 12 Order, the court summarized plaintiffs' argument:

> First, plaintiffs puzzlingly attempt to draw a distinction between the water and sewer easement created by the Water and Sewer Easement Provision in the Purchase Contract and the water and sewer easement that Morphew claims ownership of the 2018 Action.  Specifically, plaintiffs argue that Commonwealth wrongly came to the conclusion that the water and sewer easement created by the Water and Sewer Easement Provision "and Morphew's 2018 claim to use the Plaintiffs' water line were one in the same."  ECF No. 14 at 12.

ECF No. 26 at 20–21.  In response, the court first noted that any perceived distinction between the easement Morphew claims in the 2018 Action and the one plaintiffs granted through the Water and Sewer Easement Provision is "irrelevant."  Id. at 21.

> [T]he relevant question is not whether the easement plaintiffs granted in 2012 and the easement Morphew claims in the 2018 Action are the same right; the relevant question is whether plaintiffs created or agreed to the risk from which the 2018 Action arises.  The answer to that question is simple. Plaintiffs granted a water and sewer easement to the neighboring two-acre property through the Water and Sewer Easement Provision.  In the 2018 Action, Morphew, the owner of that neighboring property, seeks to enforce the Water and Sewer Easement Provision.  As such, it is clear that Morphew's claim to the water and sewer easement in the 2018 Action arises from the Water and Sewer Easement Provision, a risk that plaintiffs created or agreed to in the Purchase Contract.

Id. at 21–22.  Notwithstanding the irrelevance of the false distinction, the court explained

its falsity in a footnote:

> The court admits some difficulty following the "logic" of plaintiffs'
> argument.  Plaintiffs seem to argue that the easement plaintiffs granted in
> the Purchase Contract and the property right Morphew claims in the 2018
> action are distinct.  Putting aside the fact that this question is irrelevant to
> Commonwealth's duty to defend, the court must note its failure to identify
> any distinction between the property interest plaintiffs granted and the one
> Morphew claims.  Morphew quotes the language of the Water and Sewer
> Easement Provision to state that she has a right to use the water and sewer
> line on the Property.  Nevertheless, plaintiffs attempt to divorce their
> granting of the water and sewer easement from Morphew's claim thereto,
> noting that "Morphew . . . was simply using the 'easement' title, when in
> fact, based on the complaint, she clearly wanted to use the Plaintiffs' water
> line." ECF No. 14 at 9.  Of course, the right to use another's property is
> precisely what an easement is.  See EASEMENT, Black's Law Dictionary
> (11th ed. 2019) ("An interest in land owned by another person, consisting
> in the right to use or control the land . . . for a specific limited purpose . .
> .").  Plaintiffs granted an easement, or the right to use a water and sewer line
> on the Property, and in the 2018 Action, Morphew seeks to enforce that
> right to use a water and sewer line on the Property.  The court fails to see
> any distinction.

Id. at 21 n.7.

Now plaintiffs again contend, "[T]he court incorrectly found that the water line

alleged in the 2018 [Action] and the easement listed in [ ] Plaintiff's [sic] purchase

agreement were the same risk.  The risks are simply not the same, but the Court seems

puzzled by the distinction."  ECF No. 28 at 4.  Suffice it to say, the court remains

staunchly bewildered.  Morphew claims a right to use plaintiffs' water and sewer line.

Plaintiffs granted Morphew an easement in their water and sewer line.  An easement is a

right to use another's property for a specific use.  Basic application of the transitive

property demonstrates that plaintiffs granted Morphew the easement she now claims.

Because plaintiffs are not permitted to "rehash" rejected arguments in a Rule 59(e)

motion, the court resolves to let this dead horse lie rather than to belabor the point further. Consulting Eng'rs, 2007 WL 2021901, at *2.

Finally, plaintiffs seek a clarification.  Plaintiffs note that "[i]t is unclear from the [June 12] Order whether the Court addressed any duty to indemnify," and asks that the June 12 Order "be amended to reflect that it does not reach the issue of Commonwealth's duty to indemnify."  ECF No. 28 at 5–6.  The law is clear that where "an insurer has no duty to defend, it necessarily has no duty to indemnify."  Canopius US Ins., Inc. v. Middleton, 202 F. Supp. 3d 540, 546 (D.S.C. 2016); see also Atain Specialty Ins. Co. v. Carolina Prof'l Builders, LLC, 2020 WL 5877143, at *8 (D.S.C. Oct. 2, 2020) ("Because the duty to defend is broader than the duty to indemnify, if there is no duty to defend, then as a matter of law, an insurer also has no duty to indemnify its insured.").  Because the court found the Commonwealth has no duty to defend plaintiffs as a matter of law, Commonwealth necessarily has no duty to indemnify plaintiffs.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 2, 2021**
**Charleston, South Carolina**